UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WASHINGTON MUTUAL BANK** | **CIVIL ACTION** |
| **VERSUS** | |
| **BRYAN KENNETH FOSTER AND CALLISTA BROWN FOSTER** | **NO. 06-622-D-M2** |

**RULING & ORDER**

This matter is before the Court on the Motion to Compel (R. Doc. 26) filed by defendants/plaintiffs in cross-claim, Bryan Kenneth Foster and Callista Brown Foster ("movers"). Such motion seeks to compel responses to two subpoenas duces tecum issued by movers on April 22, 2008 to non-parties, Equifax, Inc. ("Equifax") and Trans Union, LLC ("Trans Union") (collectively "non-parties").[1] According to both the "Certificate of Service" submitted with movers' motion and the Court's docket sheet, the motion at issue was never served upon the non-parties in question, and thus, they have not had the

---

[1] The subpoenas request that the non-parties produce the following documents at the offices of movers' counsel on Wednesday, May 7, 2008: (1) From Equifax: Archived monthly snapshots or Frozen Data Scans for Bryan Kenneth Foster and Callista Brown Foster for April 2002, July 2002, October 2002, January 2003, May 2003, and January 2004; and (2) From Trans Union: Archived monthly spapshots and name scans for Bryan Kenneth Foster and Callista Foster for April 2002, July 2002, October 2002, January 2003, May 2003, and January 2004.

opportunity to file oppositions to this motion.  Notice of the filing of the present motion was sent electronically only to counsel of record in this matter.[2] [3]

Accordingly;

**IT IS HEREBY ORDERED** that the Motion to Compel (R. Doc. 26) filed by defendants/plaintiffs in cross-claim, Bryan Kenneth Foster and Callista Brown Foster, be **DENIED** reserving any right to re-file once proper service has been made.

Signed in chambers in Baton Rouge, Louisiana, May 29, 2008.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[2] Although movers' counsel has in his possession the name and address of counsel for Trans Union, as evidenced by the May 4, 2008 letter from Trans Union's counsel, Michael J. Lechner, to movers' counsel objecting to the requested production (which is attached to movers' motion as Exhibit 3), movers' counsel nevertheless failed to serve a copy of the present motion upon Trans Union's counsel.

[3] *See, T&H Landscaping, LLC v. Colorado Structures, Inc.*, 2007 WL 485229 (D. Colo. 2007)(where motions to compel responses to subpoenas directed to non-parties were initially denied by the court because the movers failed to serve the motions on the non-parties); *Johnson v. Petsmart, Inc.*, 2007 WL 2852363 (M.D. Fla. 2007)(where a motion to compel two non-parties to comply with subpoenas for production of documents was denied because the plaintiff failed to establish that the subpoenas were issued or served in compliance with Fed. R. Civ. P. 45, and the plaintiff failed to serve the motion to compel on the non-parties).